The President, Directors, and Company of the Bank of COLUMBIA *against* NEWCOMB, who is impleaded with STITTS.

Where A. sued B. and C. as joint debtors, and C. was returned on the writ taken, and B. not found; and A. proceeded, according to the statute, and obtained judgment against both defendants, and then brought an action of debt on the judgment against B. as impleaded with C. to which B. pleaded that he was not arrested in the former suit, &c. On demurrer, it was held, that the plea was bad, and that the first judgment being regular, an action of debt would lie against B. but what defence B. might set up in such an action, *quære.*

THIS was an action of *debt*, on a judgment of the supreme court of *February* term, 1807. *Newcomb* was taken on the *capias ad resp.* and *Stitts*, the other defendant was returned not found.

The defendant pleaded, 1. *Nul tiel record;* 2. That on the 17th *May*, 1806, the plaintiffs issued a writ against

the defendants, on which *Stitts* was taken, and *Newcomb* (the present defendant) was returned not found; and the plaintiffs, without the arrest, or appearance of *Newcomb*, proceeded, and recovered judgment against both defendants; and this he is ready to verify, &c. 3. That he, *Newcomb*, was not taken before the giving of the said judgment; but was returned on the writ, in the said cause, not found.

There was a *general demurrer* to the second and third pleas, and joinder.

The cause was submitted to the court, without argument.

*Per Curiam.* The pleas are clearly bad. The judgment upon which the suit is brought, was entered pursuant to the directions of the statute,* (*Laws*, vol. 1. 353.) which declares that " in case any of such joint debtors be taken and brought into court, he or they so taken and brought into court, shall answer to the plaintiff, and in case judgment shall pass for the plaintiff, he shall have his judgment and execution against such of them as were brought into court, *and against the other joint debtors named in the process*, in the same manner as if they had all been taken and brought into court, by virtue of such process; but it shall not be lawful to issue or execute any such execution against the body, or against the sole property of any person, not brought into court." The judgment was therefore regular, and in form, against both the defendants, and would be held so, on the issue of *nul tiel record*, according to the decision in *Dando* v. *Tremper*. (2 *Johns. Rep*, 87.) Being a regular judgment, in form, against both the defendants, an action of debt will lie upon it against both; and, consequently, the pleas are bad. What defence might be made to the merits, by the defendant, who was not taken in the first suit, is another question, not necessarily arising upon this record. Perhaps, he might set up any defence, which he

NEW-YORK, May, 1810.

Bank of COLUMBIA v. NEWCOMB.

* 24 sess. c. 90. sect. 13.

NEW-YORK,
May, 1810.

might, in his distinct, individual capacity, have made in the original suit. But it is not now necessary, and therefore we do not give any definitive opinion on this point. It will be time enough when the question arises under such a plea; and as this is an unsettled point, we allow the defendants to withdraw the 2d and 3d pleas, upon payment of costs, and to plead *de novo*, provided it be done within 20 days after court, otherwise the judgment for the plaintiffs on the 2d and 3d pleas is to become absolute.

Judgment accordingly.