TAYLOR AND TWISS *against* PETTIBONE.

In an action upon a judgment rendered against several joint debtors, some of whom were not brought into court, on the process upon which that judgment was recovered, the judgment is *prima facie* evidence of a debt against the defendants who did not appear in the original action, reserving, however, to them, the right of entering again into the merits, and showing that they ought not to have been charged.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error, brought an action in the Court below, against the plaintiffs in error. A warrant issued, which was only served upon *Taylor*, who alone appeared. The plaintiff below declared on a judgment recovered by him, in a Justice's Court, against the defendants below, for 17 dollars and 76 cents. The judgment declared on was proved, but it appeared, that it was recovered on process served only on *Twiss*. *Taylor* insisted, that the plaintiff below was bound to prove that he was liable with *Twiss*, on the original cause of action; but the Justice overruled the objection, and gave judgment for the amount of the former judgment.

*Per Curiam.* The cases of *Dando* v. *Doll and Tremper*, (2 *Johns. Rep.* 87.) and the *Bank of Columbia* v. *Newcomb and others*, (6 *Johns. Rep.* 98.) decide this point. We there consider the judgment against the party not brought into court, as *prima facie* evidence of a debt, reserving to him the right to enter again into the merits, and show that he ought not to have been charged.

Judgment affirmed.