ALBANY,<br>Feb. 1827.

Townsend<br>v.<br>Carman.

New trial denied.

---

TOWNSEND & TOWNSEND *against* CARMAN, impleaded with Ring.

DEBT on judgment, tried at the *Albany* circuit, *September 6th*, 1826, before DUER, C. Judge.

The judgment declared on, was in favor of the plaintiffs against *Ring*, as impleaded with *Carman* ; the latter not being brought into court or appearing. This appeared up-

Debt lies on a judgment against two joint debtors, though one was not arrested ; and did not appear in the original action.

In debt on such a judgment, it is sufficient, in answer to a plea of the one who was not taken in the orginal action, that the debt for which that action was brought, was the sole debt of the other defendant, to prove the sole admission of the former that the debt was joint.

As to the one who was taken, *semb.* the record is conclusive that the debt was joint.

Whether it is conclusive against both ? *Quere.*

ALBANY,
Feb. 1827.

Townsend
v.
Carman.

on the record in the original action. And now *Carman* pleaded those facts to this action ; and also that the promises, &c. for the non-performance of which, the judgment in that action was rendered, were the promises of *Ring* solely ; and not the joint promises of both the defendants. Replication, taking issue on their being the sole promises of *Ring*, and not the joint promises of the defendants.

At the trial, the judge held that the only material question was upon this issue ; and he overruled the counsel for the defendants, who insisted that the record in the former cause was inadmissible as evidence ; and that no action could be maintained upon the judgment ; its operation being limited by statute. The judge also decided, that the jury need not pass upon the first branch of the plea.

The plaintiffs, therefore, had a verdict, on proving (by *Carman's* admissions, which were objected to as evidence,) that the original promises were joint. The defendants excepted ; and now on the bill of exceptions,

*J. L. Wendell,* for the defendants, moved for a new trial.

*P. S. Parker,* contra.

*Curia, per* SUTHERLAND, J. It is admitted, on the face of the pleadings, that the judgment was obtained in the manner stated in the plea. The judge, at *nisi prius,* therefore, decided correctly in saying, that the only enquiry was, whether there was a partnership between *Ring* and *Carman,* when the original debt was contracted. That was the only issue joined ; and it was the duty of the judge to try it, whatever might be his opinion of its materiality. The evidence given by *Cameron* and by *Wheeler,* was offered for the purpose of proving a partnership, from the confessions and admissions of *Carman* himself ; and not for the purpose of establishing an original individual liability on his part. The objection to its admission under the pleadings was properly overruled.

The general objection, that an action of debt cannot be maintained on such a judgment, is disposed of by the cases of *Dando* v. *Doll,* (2 *John.* 87,) *The Bank of Colum-*

*bia* v. *Newcomb*, (6 *John.* 98,) and *Taylor* v. *Pettibone*, (16 *John.* 66 ;) in all of which, the point was presented, and clearly and distinctly passed upon by the court. The statute (1 *R. L.* 521, *sect.* 13,) declares, that the plaintiff shall have his judgment and execution against such of the defendants as were brought into court, *and against the other joint debtors named in the process, in the same manner as if they had all been taken and brought into court, by virtue of such process ;* and the only restriction imposed by the act upon the effect of the judgment and execution, is, " that it shall not be lawful to issue or execute any such execution, *against the body, or against any lands or goods, the sole property of any person not brought into court.*" There is nothing in the act, restraining the plaintiff from bringing an action of debt upon such judgment, against all the defendants ; nor from using the judgment, as evidence of the indebtedness of all. If an action can be sustained upon such judgment, it must be against all. The judgment is to be entered in the usual form ; and so far as depends upon the act, is to be followed by the usual consequences, with the restrictions particularly specified. The judgment is *prima facie* evidence of a debt against the party not brought into court. (16 *John.* 66.) How far, or in what respect, he may be permitted again to enter into the merits of the original action, and show that he ought not to have been charged, it was not thought necessary in the previous cases, nor is it in this, to determine. The defendant here, was allowed the benefit of the only defence which he claimed ; that the original debt was contracted by *Ring* solely, and not by *Ring* and himself jointly. But he failed, in the opinion of the jury, in establishing that fact ; and we see no ground for disturbing the verdict. The motion for a new trial must be denied.

New trial denied.