## FRANKLIN & HUNT *vs.* KEELER.

Where several exceptions to an answer are allowed by the master, and but one exception is taken to the report, embracing all the exceptions allowed, if any of those exceptions were well taken, the exception to the master's report will be overruled.

When impertinent matter, in an answer, which should all have been embra-ced in one exception, is made the foundation of several exceptions, to de-tached parts thereof, the court may refuse to give the costs of the reference to the complainant, although the major part of his exceptions to the answer are finally allowed.

Where exceptions for impertinence would mutilate the answer of the defend-ant unnecessarily, if allowed, by breaking up sentences or clauses which ought to stand or fall together, the exceptions should be disallowed.

If the whole of a sentence or clause in an answer is impertinent, and de-pends upon the same principle, the complainant cannot except to a part of the sentence only, where the allowance of such exception will wholly change the meaning of what remains, or make it unintelligible.

THIS was an appeal from a decretal order of the vice chancellor of the eighth circuit, overruling a single exception to the master's report. The master allowed nine exceptions for impertinence. And the vice chancellor, being satisfied that two at least of these exceptions were well taken, overruled the exception to the master's report, with costs; but he permitted the parts of the answer embraced by the other exceptions to remain as a part of such answer. From this order the defendant appealed.

*J. Rhoades,* for the complainants.

*A. Sampson,* for the defendant.

THE CHANCELLOR. The vice chancellor was right in overruling the exception to the master's report, with costs, if any of the exceptions allowed by the master were well taken. But as these numerous exceptions to short detached passages in the answer, were probably put in for the mere purpose of saving the costs of the reference if it should turn out that the exceptions for insufficiency were not well taken, I think he would have been justified in refusing costs to either party on the reference. Most of these exceptions should have been overruled by the master. Not because the matter excepted to was any way material to the defence of the suit; but because the exceptions were calculated to mutilate the answer unnecessarily, by breaking up sentences and clauses thereof which ought to stand or fall together. Where the whole of a clause, or sentence, in an answer is impertinent, and depends upon the same principle, the complainant has no right to garble the answer by excepting to a part of the clause or sentence only, so as to make what remains unintelligible; or in such a manner as to wholly change the meaning of what remains, should the part excepted to be stricken out. The tenth and eleventh exception in the present case should have been disallowed by the master, because the subject matter of both of those exceptions and the line and a half which was left between them were all equally impertinent, and depended upon the same principle. The whole

should therefore have been embraced in one exception. By making two exceptions, embracing only the beginning and end of the cause, what remains between the parts of the answer which are covered by those exceptions is rendered perfectly senseless and unmeaning. On the other hand, the ninth exception was properly allowed, although it divided a sentence in the middle; because the first part was pertinent and responsive to the bill, and the part excepted to was impertinent, as it sought to put a matter in issue which was not charged in the bill or material to the defence. And the sense of the pertinent matter will not be changed by striking out that part of the clause which is covered by the exception. The whole of that clause of the answer which follows the subject matter of the fourth exception, appears to be impertinent, and it should have been objected to in a single exception, instead of being garbled by the allowance of four different exceptions to separate and distinct parts thereof; leaving the residue of the clause, if possible, more impertinent than it was in the answer as originally put in.

As the decision of the vice chancellor was right in overruling the single exception to the master's report, the order which is appealed from must be affirmed with costs; and the proceedings are to be remitted to the vice chancellor.