EXECUTORS of LEAKE *against* LAWRENCE, Survivor, &c.

A record of a judgment, in favor of two persons averring them therein to be co-partners, is evidence of such co-partnership, in an action between them and a third party, but not conclusive.

THIS was an action of assumpsit to recover a sum of money due and owing by the firm of A. H. Lawrence & Co., of which the defendant was the surviving partner. To establish the partnership a record of judgment, rendered in favor of the defendants, as plaintiffs, against one Mowatt, on a promissory note, made to them as co-partners, was offered in evidence. The declaration contained an averment that they were co-partners, &c.

*Griffen* insisted that this was inadmissible; that, to give it any effect, evidence ought to be adduced, showing that these defendants had authorized this act of record.

JONES, C. J. There is nothing in the objection. It is a public act, in a public court of justice, and the record imports perfect verity. I will not say it is conclusive evi-

dence of the fact, but it is certainly admissible, and may, in the end, require further evidence to fortify it.(1)

Further evidence was offered, and there was a

Verdict for plaintiff.

*D. D. Lord* and *P. A. Jay*, for plaintiff.

*Griffen, Hall,* and *Sedgwick*, for defendant.

(1) The act, admission or declaration of one partner is not evidence to prove the partnership against the other members of the firm. *Whitney* v. *Ferris*, 16 Johns. 66. Hence the objection of the defendants counsel, in this case, seems to have had some solidity. The mere bringing of an action, in the names of two parties, seems scarcely sufficient evidence of partnership, even *prima facie*, unless both are proved to have been acting or to have enjoyed the benefit of the judgment.

In *Whately* v. *Menheim et al.*, (2 Esp. 608,) an action of assumpsit, for goods sold and delivered, was brought, charging defendants as partners.

To prove the partnership, the plaintiff gave in evidence the record of a verdict of a jury on an issue, directed by the court of exchequer, upon a bill filed by the one defendant against the other, charging such partnership, in which verdict the jury found that such partnership existed between two dates which embraced the date of the sale in question.

It was strongly urged that, as the plaintiff was not a party to the suit in the exchequer, the verdict was *res inter alios acta.*

Lord Kenyon said, he was of opinion that it was admissible and conclusive evidence of a subsisting partnership, at the time of the goods sold, and that it could not properly be deemed a matter *inter alios acta*, both defendants having been parties on the record in that suit, and it having been open to the party, denying such partnership, to rebut it by every evidence he could offer.

Even this case, which is stronger than the case in the text, does not receive the entire approbation of Starkie; he admits it would, as to the party asserting the partnership, operate by way of admission, but inclines to think that, as to the party denying it, the record, on principle, could have no more operation than it would have had in case he had contested the fact of part-

nership with a stranger. 4 Stark. 107, N. P. A.; *vide Cragin* v. *Carleton,* 8 Shep. 492; *Fogg* v. *Greene,* 4 Shep. 282; *Ellis* v. *Jamieson,* 5 Shep. 235.

Where it was held, that a judgment rendered against several by default, in an action on a note given in a co-partnership name, is competent evidence to show such partnership in an action against the same persons, by a different plaintiff.