## The People *vs.* Arnold.

An action by the people to recover lands is not barred, it seems, by the statute of limitations, (1 *R. L.* 184, § 1,) unless it be shown that there has been an *adverse possession* of forty years before the commencement of the suit.

But in *pleading* the statute it is sufficient to say, according to the *language* thereof in substance, that the *title* of the people did not accrue within the space of forty years before the commencement of the suit, and that neither the people nor those under whom they claim, have received the *rents* and *profits* of the land within the said space of forty years.

Such a plea or answer, it seems, amounts to an allegation that the lands have been held in hostility to the title of the plaintiffs.

The people, it seems, are deemed to have received the rents and profits so as to prevent the running of the statute, unless the lands are held in hostility to their title.

And this is so, although the lands are wild and uncultivated, or although they are occupied by one who makes no return for the use, provided he holds by permission of the people and in subordination to their title.

The people brought an action in the supreme court against William Arnold, to recover possession of fifty acres of land,

situated in Springwater, Livingston county. The complaint alledged, that the plaintiffs had good title, in fee simple, and were entitled to the immediate possession of the land. [509] The defendant answered, "that no right or title to the lands and premises described in the complaint, accrued to the plaintiffs within the space of forty years before the commencement of the action, and that if any right or title ever accrued to the plaintiffs, the same accrued more than forty years before the commencement of the suit, and that neither the plaintiffs nor those under whom they claim, have received the rents and profits of said lands, or any part thereof, within the space of forty years before the commencement of the suit." The plaintiffs demurred to the answer as insufficient to bar the action, and assigned for causes, that the answer did not state that the plaintiffs more than forty years before the commencement of the suit, or at any other time, were disseized of the said lands, or any part thereof; nor did it state that the defendant, or those under whom he claimed, or any other person or persons than the plaintiffs, more than forty years before the commencement of the suit, held the said lands, or any part thereof; nor did it state that the defendant, or those under whom he claimed, or any other person or persons, more than forty years before the commencement of the suit, or at any other time, held the said lands adversely to the plaintiffs, under any color or claim of title.

The supreme court in the seventh district overruled the demurrer and held the answer to be a good bar to the action. Judgment having been entered accordingly, the plaintiffs appealed to this court.

*L. S. Chatfield,* (attorney general,) for the appellants, said that the statute under which the answer was framed, (1 *R. L.* 184, § 1,) did not bar suits by the people to recover lands, the title to which was vested in them, unless there has been for forty years a possession hostile to their title. The defendant, to succeed with such a defence, must show an adverse possession of forty years, (8 *Wend.* 183,) or a grant from the people. This is

clearly the interpretation of the statute, and it should be pleaded according to its meaning rather than its letter. (*Plowd.* 232; 1 *Dall.* 178; 21 *Wend.* 211; 3 *Cowen*, 89; 15 *John.* 380; [510] 2 *Cowen*, 518; 15 *John.* 358; 2 *Peters*, 362; 3 *Mass.* 523; 5 *id.* 380; 7 *id.* 458; 22 *Pick.* 57; *Willes*, 397; 6 *Cranch*, 314; 1 *Edwards*, 273.) The intention of the legislature in enacting this statute was to protect a party who had been in possession for forty years. This is evident from the clause of the statute which declares that " the person so holding said lands shall freely hold and enjoy the same."

*J. C. Spencer*, for the respondent.

BRONSON, Ch. J. The people of this state have agreed that they will not sue or implead any person, for or in respect to any lands by reason of any right or title of the people to the same, which shall not have accrued within the space of forty years before suit for the same be commenced, unless the people, or those under whom they claim, shall have received the rents and profits thereof within the said space of forty years. (1 *R. L.* 184, § 1.) I have given all the words of the statute which are material to the present inquiry. In this action the people sue to recover the possession of certain lands, and alledge that they have good title, and are the true owners of the same in fee simple. The defendant answers in all due form, and with technical accuracy, that no right or title to the lands in question accrued to the plaintiffs within the space of forty years before the commencement of this action: and that neither the plaintiffs, nor those under whom they claim, have received the rents and profits of the land within the said space of forty years before the commencement of this action. To this answer the attorney general has demurred. By doing so he has admitted all the facts which are well pleaded; and those facts plainly show that the action is barred. The matter may be brought to a point in a few words. The people say, in substance, that they will not sue for any lands when their right or title to the same did not accrue within forty years before suit commenced, unless they

have received the rents and profits within that time. The defendant answers the action by saying, that the right or title of the people to the lands in question did not accrue within forty years, nor have the plaintiffs received the rents and [511] profits within that time. The answer is in the usual form of pleading the statute of limitations. It follows the words of the law, and presents the precise case, or state of things, in which the people have said that they will not sue. (*See Ford* v. *Babcock*, 2 *Sand. S. C.* 523.) I can see no room for so much as a doubt that the action is barred.

If the facts mentioned in the answer can be controverted, the people should have replied, instead of demurring, and made an issue upon one branch or the other of the answer. If the title of the people accrued more than forty years before suit brought, as has been suggested at the bar, the only replication of any use would be upon receiving rents and profits. What proof would support such a replication would be a question of evidence on the trial.

The attorney general insists that there must be an adverse possession of forty years to bar an action where the people have title. If that be so—and I think it is—it must be for the reason that the people may be deemed to have received the rents and profits, within the meaning of the statute, whenever the land was not held in hostility to their title ; or, in other words, whenever the case was such that they might have taken the rents and profits if they had chosen to do so. Still, the statute says nothing about adverse possession, and that is not a matter to be pleaded. The statute puts the bar upon the non-receipt of rents and profits ; and the defendant has pursued the only proper course by pleading that fact. If the people may be deemed to have taken the rents and profits whenever the land was not held in hostility to their title, then the averment in the answer, that the people have not received the rents and profits, amounts to an averment that the land has been held adversely. In short, the words "received the rents and profits" cover just as much ground in the answer as they do in the statute : they mean the same thing in both places. The defendant has plead-

ed the fact on which, by law, the bar depends, instead of plead-
ing the evidence of the fact; and until good pleading shall be
made unlawful, the answer must be held sufficient.

The substance of our statute of 1801 was taken from the
[512] English *nullum tempus* act, 9 Geo. 3, ch. 16. It is one of
the prerogatives of the king that laches can not be imputed to
him ; and he is not within the general statutes of limitations,
because not named in them. The crown rarely acquired title to
lands which were not purchased or taken for immediate occupa-
tion, except by escheat for defect of heirs, or forfeiture for
offences. As time did not run against the king, he might assert
his right by escheat or forfeiture at any period, however long,
after the title accrued, although the lands had in the mean time
passed through the hands of many innocent purchasers ; and in
that way an injury was done to third persons. To remedy this
mischief, the statute provided, in substance, that the king should
not sue where his title had not accrued within sixty years, un-
less he had within that time been answered by force of such
title in respect to the rents and profits. The meaning of the
legislature seems to have been, that the king should be barred
when he did not sue within sixty years after his title accrued, or
within that time after his title had been acknowledged by pay-
ing, or conceding his right to the rents and profits. As all the
lands in England are in the actual occupation or enjoyment of
some one, there is less difficulty there in applying the statute
than there is here, where the state has always owned large
tracts of wild or uncultivated lands which were not in the actual
possession or enjoyment of any one. But clearly the people
must be deemed to have received the rents and profits of such
lands within the meaning of this statute. The title draws to it
the constructive possession of unoccupied lands : and there is
no legal impropriety in saying that a man receives the rents and
profits when they are not taken by any one else, and he has all
the enjoyment of the property which its condition will permit,
or he chooses to take. And I see no objection to going still
further, and saying that the people receive the rents and profits,
within the meaning of this statute, although the property may

be actually occupied by one who makes no direct return for the use, provided he holds by permission of the owners, or in subordination to their title. The occupant retains the rents and profits in such a case, not as a right, but as a gratuity : and the people may well be said to receive that to which their title [513] is admitted, and which they allow the occupant to have as a mere benevolence or gift. We think it could not have been the intention of the legislature to defeat a title in the people which accrued more than forty years before suit brought, unless the land had been held for that period in hostility to the title. Still the matter to be pleaded in bar is not adverse possession, but the fact mentioned in the statute, that the people have not received the rents and profits.

I have not stopped to notice the admitted doctrine that the people can not be disseized, nor to inquire whether there can be a technical adverse possession against them. What we mean to say is, that to constitute a bar, there must be such a holding for forty years as would constitute a good adverse possession if the land had been owned by an individual, instead of the state. But although we agree with the attorney general on this point, we think the answer good, and consequently that the judgment should be affirmed.

McCoun, J. was of opinion that the answer did not set forth facts sufficient to bring the defendant's case within the meaning and operation of the statute. He therefore dissented, and delivered his opinion at large.

Judgment affirmed.