Order accordingly.

---

## THE LEE BANK a. KITCHING.

*New York Superior Court; General Term, December,* 1860.

BILLS OF EXCHANGE. — IRRELEVANT DEFENCES. — MOTION TO STRIKE OUT.

Although the holder of a bill discounted it entirely on the faith of security provided by an indorser for its payment, and knowing that the drawer and acceptor were insolvent, he is not thereby compelled to resort to such security before recovering against the drawer or acceptor.

If one of several defences set up in an answer is insufficient, it may be struck out on motion, though it might also have been reached by a demurrer.

The ability of the plaintiff to demur, under section 153 of the Code of Procedure, to one or more of the defences set up in the answer, does not preclude a motion, under section 152, to strike out such matter from the answer as irrelevant.

Irrelevancy in pleading as used in the Code, like impertinence as used in Chancery practice, comprehends both prolixity or needless details of material matter, and matter out of which no cause of action or defence could arise between the parties in the particular suit.

Appeal from an order striking out a portion of an answer.

The complaint was on two bills of exchange, drawn on the defendant by one P. C. Kane in favor of Mrs. E. Kane. It alleged that the drawer delivered them for valuable consideration to the payee, and that they were subsequently accepted by defendant; and that thereafter, and before maturity, they were indorsed by the payee for valuable consideration to the plaintiffs; and were not paid at maturity, though duly demanded.

The first paragraph of the answer denied (for want of information or belief) that the bills were delivered to the payee for value, or to the plaintiffs for value; and denied that defendant

ever received any consideration for his acceptances, or that he was indebted to plaintiffs thereon.

The remainder, which the plaintiff moved to strike out, was as follows:

"That when he accepted the said drafts, Pierre C. Kane was his debtor; and that he accepted them merely for said Kane's accommodation, and to enable him to raise money from the Lee Bank, and upon the faith of an assurance received from said Kane upon the authority of Mrs. Edith Kane, that she had already provided the means for their payment, and had placed property in the hands of the said bank to the extent of $15,000 to cover these other drafts to that amount, and that defendant's said acceptance would therewith be provided for at their maturity.

"And this defendant further answering, says, that the said Edith Kane did, as he is informed and believes, furnish security for the purposes aforesaid, at said Pierre C. Kane's request, and that the said bank now holds the same; and that upon the receipt thereof, the said bank discounted the said acceptances, at the request and for the benefit of the said Pierre C. Kane; and that at the time of such discounts, this defendant and the said Pierre C. Kane were both insolvent;—such facts were well known to said bank;—and that said bank discounted the said acceptances entirely upon the faith and credit of the security, &c., furnished by Mrs. Kane.

"And this defendant further says, that when he accepted the said several drafts, he relied upon the arrangement hereinbefore set forth to provide for their payment by Mr. and Mrs. Kane; and that if he should now be obliged to pay the same, he would be remediless in the premises; and he respectfully submits to this honorable court, that, under the circumstances of this case, it would be inequitable and unjust to compel him to pay the said acceptances, or either of them, until after the said bank shall have first applied the securities, &c., as aforesaid, placed in its hands towards the payment thereof; and he therefore prays that before final judgment shall be entered herein, the plaintiffs may be ordered to apply the said property, &c., placed in the hands of the said bank, or the proceeds thereof, in payment of his said acceptances, or that he may have such other and further relief in the premises as shall be just and equitable."

Plaintiff's motion to strike out this part of the answer as irrelevant, was granted, at special term, by Mr. Justice Moncrief, and defendant appealed.

*John N. Taylor*, for the appellant.

*F. C. Bliss*, for the respondents.

By the Court.—Hoffman, J.—The plaintiffs sue upon an acceptance, by the defendant, of a bill drawn by P. C. Kane in favor of Mrs. Edith Kane, and indorsed by her. The complaint states a due indorsement of the bill to the plaintiffs; a demand for payment, and refusal. There is another cause of action upon another bill, made and accepted under the like circumstances.

The answer sets up that P. C. Kane was the defendant's debtor; that he accepted the bill for Kane's accommodation, to enable him to raise money from the bank, upon the faith of Mrs. Kane having provided security for the payment by property or funds placed in the hands of the bank, to cover these and other similar drafts; that Mrs. Kane had made such a deposit of property with the bank; that the bank discounted the bill on receipt of such property; that both Kane and defendant were insolvent, and such facts were known to the bank; "and that said bank discounted such acceptances entirely upon the faith and credit of the security so furnished by Mrs. Kane." He asks, therefore, that the bank should first apply the securities so placed in their hands, before resorting to him on the acceptances.

Thus an acceptor of a bill of exchange is to be freed from liability, because the holder who discounted it had securities placed in his hands by the indorser, and is averred to have discounted the bill entirely on the faith and credit of such security. In other words, he would not have discounted it unless he had possessed such securities. There is not a word in this to show that they meant, much less agreed to discount it without having a right to resort to the acceptor. Proof of such an agreement would not be allowed. That the acceptance was an accommodation acceptance, is unimportant. The liability is the same as if it had been based on funds.

There is no equity whatever to compel the holder to suspend proceeding on this discounted acceptance, until he has exhaust-

ed other securities in his possession. The case seems to us too clear to need any other argument, or the citation of any authorities.

The only question raised which requires notice, is whether the motion to strike out was the appropriate remedy.

By section 152, sham and irrelevant defences may be stricken out on motion.

I have always considered that irrelevancy in this, and section 160, meant the impertinence of the old chancery system. That was either prolixity or needless details of material matter, or something out of which no cause of action or defence could arise between the parties in the particular suit.

Cases of both classes are cited in 1 *Hoffman's Ch.*, 280, 282. Beaumont *a*. Beaumont (5 *Mad.*, 51) is a striking case of an answer, setting forth the details of prices and particulars in an auctioneer's catalogue, certainly not immaterial, but clearly superfluous. Corbet *a*. Tottenham (1 *Ball & Beatty*, 61) is an instance of the other class. Lord Manners said: " I do not think the plaintiffs are bound either to reply to these charges in the defendant's answer, or to go into evidence to disprove them, and therefore they ought not to remain on the record."

This distinction is adverted to in Bowman *a*. Sheldon (5 *Sandf.*, 660). In various cases irrelevancy, under the Code, is treated as matter which does not tend to constitute a cause of action or defence; matter which, even if true, cannot affect the decision of the court in the case. (Stewart *a*. Bouton, 1 *Code R.*, *N. S.*, 404; Averill *a*. Taylor, *Ib.*, 213; Clark *a*. Harwood, 8 *How. Pr.*, 470; Edgerton *a*. Smith, 3 *Duer*, 614.)

Section 160 appears to relate to cases in which, in the same pleading, or in a distinct, separate part of a pleading, irrelevant matter is mingled with pertinent matter. Franklin *a*. Keeler (4 *Paige*, 382) furnishes an example of this.

But section 152 refers to an answer, or defence, which in its entirety is either sham or irrelevant. I read the section thus— That a sham answer or defence and an irrelevant answer or defence may be stricken out on motion.—The received definition of a sham answer *is* its falsity. It may be material and pertinent, and yet be stricken out as sham. (The People, &c., *a*. McCumber, 18 *N. Y.* (4 *Smith*), 315.) It need not, of course, be both sham and irrelevant.

The case of Kurtz *a.* Dunbar (5 *Duer*, 660) is an example of one portion of an answer being stricken out as irrelevant, where it would have constituted a cause of action, but could not be made available in that suit as a defence, not giving a right of set-off, and not constituting a counter-claim.

Slack *a.* Cotton (2 *E. D. Smith*, 398) is an instance of a distinct defence being stricken out as sham, under section 152.

In Hecker *a.* Mitchell (5 *Abbotts' Pr.*, 453) there was a motion for judgment under section 247, on, the ground of the frivolousness of the answer. But there were two defences set up: one of which was, as pleaded, available; the other was frivolous. Mr. Justice Woodruff, while denying the motion as made for judgment, ordered the second defence to be stricken out, under the prayer for other relief.

The redress which a plaintiff can have, under section 247, by a judgment for frivolousness, can, of course, only be where every part of the answer is such.

The authorities referred to, seem to show that the ability of the plaintiff to demur (under section 153) to one or more of the defences set up in an answer, does not preclude a motion under section 152. A motion for judgment, under section 247, is a summary demurrer to an answer in cases in which a demurrer will lie; and so the motion to strike out part of an answer may be regarded as a summary demurrer to that part, and as giving a concurrent mode of relief.

Mr. Justice Harris, in Stewart *a.* Bouton (1 *Code R., N. S.,* 404), says: "This motion, to strike out irrelevant matter, is analogous to a demurrer, and should be decided on the same principles. If matter cannot be made the subject of a material issue, it should be struck out."

There are authorities to show that a demurrer will not lie to irrelevancy in a pleading. But it will be found that they are cases in which irrelevant matter has been united, in the statement of some substantive cause of action or defence, with material matter. Such was the case in Watson *a.* Husson (1 *Duer*, 242), and Welch *a.* Hazleton (14 *How. Pr.*, 97). They do not, therefore, support the proposition that a demurrer would not lie in a case like the present, nor could such a proposition be sustained under the clear language of section 153. They leave

the question, whether the motion under section 152 may not also be resorted to, unaffected.

The order must be affirmed, with costs.