## ARGUED AND DECIDED

### IN THE

# Supreme Court of the State of Oregon.

#### September Term, A. D. 1864.

PAINE P. PRIM, *Chief Justice.*
ERASMUS D. SHATTUCK,
REUBEN P. BOISE,
RILEY E. STRATTON,
JOSEPH G. WILSON, } *Justices.*
R. WILLIAMS, *Clerk.*

---

SWIFT, HURLBURT & Co., Plaintiffs, Respondents, *v.* B. STARK, E. S. SHERMAN and J. S. SHERMAN, Defendants, Appellants.

### *Appeal from Multnomah County.*

1. Effect in this State of a judgment in another State under the joint debtors act, upon a party served and appearing in that State.
2. Judgment is a merger of original contract, and is *prima facie* evidence of indebtedness against the joint debtors not served or appearing.
3. Defendant served and appearing in original judgment, cannot have the original cause of action re-examined in an action on that judgment.

RESPONDENTS declared in the court below, *in form*, against appellants, upon a judgment rendered in favor of respondents and against Benjamin Stark, appellant, and E. S. Sherman and J. S. Sherman, in the Supreme Court of the State of New York, for the city and county of New York, in January, 1863. Stark only appeared in the court below. The Shermans did not appear, being non-residents, and not having

VOL. II.                13

been served with process. Stark filed his separate answer, upon which the case was tried and verdict found in favor of plaintiffs below, against Stark, for the sum of $3,804.65. Stark moved, in arrest of judgment, to set aside the verdict and for a new trial; all of which were overruled by the court, and judgment rendered on the verdict, *in form,* against the joint property of all the defendants and the separate property of Stark; and Stark appeals to this court. The judgment in the court in New York was rendered against defendants Stark and the Shermans, under the statute of New York known as the " Joint Debtors Act," the suit having been brought upon the joint promissory notes of defendants. Stark was duly served with process, and appeared by attorney in the action; and the Shermans were not served with process and did not appear in the action.

*A. E. Wait, Esq.,* counsel for appellant.

1st. Judgment of sister States not conclusive unless they show jurisdiction over subject matter and person.

2d. This judgment in New York was void, and is void here as against the Shermans. (4 *Comst.,* 518, 19, *&c.;* 18 *Cur. S. C.,* 586.)

3d. A judgment void in part is void in toto. (6 *Pick.,* 246, 7, *note;* 21 *Cur. S. C.,* 588, 9; 13 *Wend.,* 418; *Smith's Mer. Law,* 324; 1 *Denio,* 540; 20 *Ill.,* 173; 4 *Hill,* 442, *etc.*)

*J. H. Mitchell, Esq.,* counsel for respondents.

*Joint Debtor Acts of New York,* 1801 *to* 1830; 1830 *to* 1859; 1859 *on.* The judgments referred to by counsel for appellant were under the act of 1830. The act of 1859 is like ours and unlike that of New York of 1830; 6 *Johnson,* 98 (1807); 16 *Johns.,* 66 (1819); 6 *Cowen,* 697 (1827); 6 *Wend.,* 501 (1831); 5 *Hill,* 38 (1843). In suit upon judgment the judgment cannot be attacked collaterally. (1 *Peter's Cir. C. Rep.,* 135; 21 *Cur. S. C.,* 30; *How. Code, secs.* 136,

Swift *v.* Stark.

274; *Ogn. Code,* 59.) Conclusiveness of judgments in sister States. (*Cons. U. S., art.* 4, *sec.* 1; 7 *Cranch,* 481; 3 *Wheaton,* 234; 6 *Wisconsin,* 214; *Ogn. Code, secs.* 728, 736, 7.)

PRIM, C. J.   There are numerous assignments of error, but the main question presented by this record is what force and effect a judgment, rendered in form in New York on a joint liability under their joint debtor act, is to have on a party in this State, who was served with process and appeared by attorney in the action.   The statute of New York referred to is: "If the action be against defendants jointly indebted upon contract the plaintiffs may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served."

By examination of the adjudicated cases in New York, under this law, we find it is held that the original contract is merged in and extinguished by the judgment; and that the judgment is valid and binding on the absent defendants as *prima facie* evidence of a debt, reserving to them the right to enter again into the merits and show that he should not have been charged, if sued upon the judgment.   But where the defendant has been served with process, or voluntarily appeared in the action, he is concluded from going behind the judgment and controverting the original cause of action. (*Dando* v. *Doll,* 2 *Johns.,* 87; *Bank of Columbia* v. *Newcomb,* 6 *Johns.,* 98; *Taylor* v. *Pettibone,* 16 *Johns.,* 66; *Carman* v. *Townsend,* 6 *Wend.,* 206.)   The Constitution of the United States declares that "full faith and credence shall be given in each State to the public acts, records and judicial proceedings of every other State, and the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."   By the act of May 26, 1790, Congress prescribes:

1st. The mode in which the judicial records of one State shall be proved in the tribunals of another, to wit: "That they shall be authenticated by a certificate of the clerk, under the seal of the court, with a certificate of the presiding judge that the clerk's attestation is in due form."

2d. "And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken."

Then, by the law and usage of New York, the judgment on which this suit is founded was properly rendered, in form, against all the defendants; that the original contract is merged in and extinguished by the judgment; that the judgment is valid and binding as prima facie evidence of a debt against the Shermans, in this State; but as they were not served with process, and did not voluntarily appear in the action, either in person or by attorney, they had the right, in the court below, to enter again into the merits and show that they should not have been charged; but, not so as to Stark, who has had his day in court, been served with process, and appeared by his attorney in the court of New York; and there might have made his defense, if he had one. (Mills v. Duryea, 7 Cranch, 481; D'Arcy v. Morris, Ketchum et al., 11 Howard, 165.) The judgment is then valid and binding on him in this State, and concludes him from going behind it to examine into the original cause of action. It is further claimed by appellant that the authentication of the record from New York is defective, and, therefore, improperly admitted as evidence in the court below; but, on examination of the authentication, we think the act of Congress, heretofore mentioned, is substantially complied with.

We think there is no substantial error, and the judgment is affirmed.