## Case No. 2,211.

### BURT et al. v. DELANO.

### [4 Cliff. 611.][1]

Circuit Court, D. Massachusetts. May Term, 1878.

CONCLUSIVENESS OF FOREIGN JUDGMENT — VALIDITY — PRACTICE — JOINT DEFENDANTS—SERVICE ON ONE ONLY.

1. Subject to the qualification that judgments are open to inquiry as to the jurisdiction of the court where they were rendered, and as to notice to the defendant, the judgment of a state court, not reversed by a superior court, nor set aside by a direct proceeding in chancery, is conclusive in the courts of all other states where the subject-matter in controversy is the same.

2. Personal judgments are without any validity, if rendered by a state court in an action upon a money demand against a non-resident of the state upon whom no personal service of process was made within the state, unless he appeared and answered to the action, nor will such judgment affect his property beyond what he possessed in the state where the suit was brought.

3. Section 414, St. Cal. (Code Civ. Proc.), provides: "When the action is against two or more defendants, jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants." Three persons were liable in the original suit, but service was made on one only, and judgment was obtained against him. Held, under the state statute the judgment was valid in the jurisdiction where it was obtained, and thus equally

---

valid in all the other states, and in the circuit court of the United States.

[Cited in Renaud v. Abbott, 116 U. S. 289, 6 Sup. Ct. 1198.]

The case was submitted on an agreed statement of facts as follows: This is an action of contract upon a judgment rendered by the district court for the second judicial district of the state of California, in and for the county of Tehama, in favor of the plaintiffs [H. H. Burt and Tipton], who are citizens of the state of California, against John G. Wright, Lester Goodwin, and James Delano, copartners under the firm name of Wright, Goodwin, & Delano, and having their usual place of business in Boston, within the district of Massachusetts, and who, at the time said action was brought, were citizens of the state of Massachusetts. A copy of said judgment is hereto annexed, marked "A." Service of the writ was made upon the defendant, James Delano, in California, he being then transiently in that state. No service was made upon either of the other defendants. By the terms of the judgment it was "to bind the partnership property of all the defendants in said action, but if there be no partnership property, or if there be not sufficient thereof to satisfy said judgment, then the judgment, or any deficiency therein, shall be satisfied out of the separate and individual property of defendant Delano alone." The declaration and answer in this court, the whole record of the proceedings in the California court, and the statutes of the state of California, may be referred to.

If upon the above facts the court shall hold that this action may be maintained, the judgment for the plaintiffs, the amount to be determined by the court; otherwise, judgment for the defendant. [The court rendered a judgment for plaintiffs.]

In the District Court, Second Judicial District in and for the County of Tehama, State of California. Tipton & Burt, Plaintiffs, v. Wright, Goodwin, & Delano, Partners, Defendants. The court having filed findings in the above-entitled cause to the effect that the plaintiffs therein are entitled to judgment against the defendants in said cause, in the sum of $2,448 74-100, with interest thereon at the rate of ten per cent per year from the 23d of September, 1872, to the 11th of February, 1876, in the sum of $667, and for costs of suit, the judgment payable in gold coin of the United States, and to bind the partnership property of all the defendants in said action, but if there be no partnership property, or if there be not sufficient thereof to satisfy said judgment, then the judgment or any deficiency therein shall be satisfied out of the separate and individual property of defendant Delano alone. Wherefore it is ordered and adjudged that the plaintiffs do have and receive judgment in said cause in the sum of $2,448 74-100, with interest thereon at the rate of ten per cent per year, from the 23d of September, 1872, to the 11th of February,

1876, in the sum of $667, and for costs of suit, the judgment payable in gold coin of the United States, and to bind the partnership property of all the defendants in said action, but if there be no partnership property, or if there be not sufficient thereof to satisfy said judgment, then the judgment, or any deficiency therein, shall be satisfied out of the separate and individual property of defendant Delano alone.

H. W. Suter and Frederick Dabney, for plaintiffs.

The judgment declared on in this case is valid by the laws of the state of California. Code Civ. Proc. Cal. §§ 388, 414. The judgment is binding personally upon defendant Delano. Stockwell v. McCracken, 109 Mass. 84. In order to ascertain whether a judgment can be enforced in personam against a defendant, by an action on the judgment, we must see whether it is evidence against him. This is the test. Doll v. Tremper [Dando v. Doll] 2 Johns. 87; Bank of Columbia v. Newcomb, 6 Johns. 98; Taylor v. Pettibone, 16 Johns. 66; Townsend v. Carman, 6 Cow. 695; Mervin v. Kumbel, 23 Wend. 293; Oakley v. Aspinwall, 4 Comst. [4 N. Y.] 514; D'Arcy v. Ketchum, 11 How. [52 U. S.] 165. The judgment in this case is absolute in form. The qualification is of the execution only, and is of no effect beyond the state of California. The judgment has no extra-territorial force except as evidence. Freem. Judgm. § 2; Green v. Sarmiento [Case No. 5,760]; Knapp v. Abell, 10 Allen, 490. The plaintiffs are under no obligation to levy on the joint property, even if there could be any found. Backus v. Dennison, Kirb. 421. The burden is on the defendant to show any satisfaction of the judgment. Linton v. Hurley, 114 Mass. 76; O'Neal v. Kittredge, 3 Allen, 470. The plaintiffs are entitled to judgment for the amount of the judgment declared on and interest at the rate of seven per cent per annum, all in gold coin. Civ. Code Cal. § 1920.

Dwight Foster and Alfred D. Foster, for defendant.

In the first suit the firm of Wright, Goodwin, & Delano were all joined as defendants, but service was made on Delano alone, and he is the only defendant in the present action. Judgment was rendered against all the defendants to bind the partnership property, "or if sufficient thereof to satisfy said judgment cannot be found, then the deficiency to be satisfied from the separate and individual property of the said defendant, James Delano." Such a judgment, entered against all the joint debtors after service on one of them only, and restricted in its operation to their joint or copartnership property, is authorized by the laws of California. Civ. Code Cal. §§ 388, 414; Kelly v. Van Austin, 17 Cal. 566. But the California record shows no judgment against Delano for any definite sum to be satisfied from his property or

to run against his person. His liability is expressly declared to be contingent only and for a deficiency of partnership property. "The law implies a promise to pay a definite, not an indefinite sum." Sadler v. Robins, 1 Camp. 253; Carpenter v. Thornton, 3 Barn. & Ald. 52; Henley v. Soper, 8 Barn. & C. 16. A judgment, to be the foundation of an action, must be in personam for an ascertained sum. Westlake, Pr. Int. Law, 376. It is maintainable "only when the decision of the court can be fulfilled by the mere payment of an ascertained sum of money." Pennington v. Gibson, 16 How. [57 U. S.] 77; Dimick v. Brooks, 21 Vt. 569; Battey v. Holbrook, 11 Gray, 212; Thorner v. Batory, 41 Md. 593. An award is in the nature of a judgment, and one in the form of the present judgment would be bad for uncertainty, and no action upon it could be maintained. Samon's Case, 5 Coke, 77; Lincoln v. Whittenton Mills, 12 Metc. [Mass.] 31; Fletcher v. Webster, 5 Allen, 566; Carnochan v. Christie, 11 Wheat. [24 U. S.] 446. Should it be suggested that by the laws of California an absolute judgment might have been rendered against the present defendant, who was served with process there, the simple and conclusive answer is, no such judgment was rendered. Nor does the California record show the existence of the contingency upon which alone the liability of the defendant was thereby made dependent. There is no evidence that any deficiency of copartnership property to satisfy the decree of the court existed. If the contingency upon which the liability of the present defendant was intended and declared to depend in fact existed, this ought to appear as of record in the California court by the return of an execution against the partnership property, unsatisfied in whole or in part, and an adjudication that a deficiency of partnership property exists to a specified amount. Then possibly some equitable remedy might be awarded in another jurisdiction. Barber v. Barber, 21 How. [62 U. S.] 582. If the the plaintiffs are entitled to recover, they can have interest only at the rate of six per cent per annum instead of ten per cent as demanded. By the laws of California the rate of interest on judgments is seven per cent. Laws Cal. 1870, p. 699; Clark v. Dunnam, 46 Cal. 207. But in actions on a judgment in another jurisdiction, not interest but damages will be allowed; as to which the lex fori governs. Barringer v. King, 5 Gray, 11; Perkins v. Fourniquet, 14 How. [55 U. S.] 330; Goddard v. Foster, 17 Wall. [84 U. S.] 143. The rate in Massachusetts is six per cent. Gen. St. c. 53, § 3; Id. 133, § 8; St. 1867, c. 56.

CLIFFORD, Circuit Justice. Subject to the qualification that judgments are open to inquiry as to the jurisdiction of the court where they were given, and as to notice to the defendant, the judgment of a state court,

not reversed by a superior court, nor set aside by a direct proceeding in chancery, is conclusive in the courts of all the other states where the subject-matter in controversy is the same. Christmas v. Russell, 5 Wall. [72 U. S.] 291; Mills v. Duryee, 7 Cranch [11 U. S.] 483; 2 Story, Const. (3d Ed.) 1313; Bissell v. Briggs, 9 Mass. 462. Judgment was rendered in a state court of California in favor of the plaintiffs, citizens of that state, against John G. Wright, Lester Goodwin, and James Delano, citizens of Massachusetts, doing business in the latter state under the firm name of Wright, Goodwin, & Delano. Service of the writ in that suit was made upon the defendant, James Delano, in California, he being then transiently in that state. No service was made upon either of the other defendants. By the terms of the judgment it was "to bind the partnership property of all the defendants in said action, but if there be no partnership property, or if there be not sufficient thereof to satisfy said judgment, then the judgment, or any deficiency therein, shall be satisfied out of the separate and individual property of defendant Delano, alone."

Suit, in due form, is commenced here, which is equivalent to an action of debt at common law, leave being given to refer to the declaration and answer, and to the California record and the statutes of that state. Judgment is to be rendered for the plaintiff if the action is maintainable, otherwise for the defendant.

Sufficient appears to show that the former suit was against all of the members of the firm, but that service was made only on the present defendant, the other two members of the firm not being found in the state where the suit was brought; that the present defendant employed counsel and made defence, both for himself and in behalf of the firm, but that no appearance in the case was entered for the partnership. Delano appeared for himself and filed a counter-claim as due to the firm, but no appearance was entered for any one except the party served.

Nothing is shown to warrant the conclusion that any property of the partnership was found in that state. Without service upon the other two members of the firm, judgment was rendered against all three, subject to the condition already reproduced. Outside of the state where the judgment was rendered, it is clear that the judgment as to the members of the firm is null and void, as they had no notice of the suit; and it appears to be equally clear that it was without legal effect even as against those defendants in that state, as the partnership held no property within the jurisdiction of the court.

Personal judgments are without any validity, if rendered by a state court in an action upon a money demand against a nonresident of the state, upon whom no personal service of process was made within the state, unless he, appeared and answered to the

action, nor will such a judgment affect his property beyond what he possessed in the state where the suit was brought. Pennoyer v. Neff, 95 U. S. 714. Concede that, and still it is contended that the judgment is equally invalid where the suit is against two or more non-residents, and only one was served; that it is of no greater validity as to the one served than as to those not served. Support to that proposition is certainly found in the rules of the common law, but the court is of the opinion that the statutes of California provide otherwise. In case of no partnership property, or any deficiency of such property, the condition of the judgment was, that the judgment or deficiency should be satisfied from the separate and individual property of said Delano.

In a suit against a partnership, if one partner is not within the jurisdiction of the court, and is not served with process, and does not voluntarily appear and answer to the suit by himself or his attorney, the judgment against the partnership cannot be enforced against him out of the local jurisdiction, even though, by the lex loci, a service on the partner resident within the jurisdiction is sufficient to authorize a judgment against all the partners.

Attorneys may, in many cases, enter a general appearance, but in an action against a partnership such an appearance must be construed to be an appearance for the partners as partners, and for the purpose of defending the action against the partnership, and not as an appearance for the partners individually, severally, and personally, so as to render a judgment against the partnership in such action binding on an individual partner in another jurisdiction, by whom such an appearance was not authorized. One partner has no implied power to enter an appearance in a suit except for the partnership, and cannot, by such an appearance, bind a partner personally and individually who is not within the jurisdiction, and has not been served with process. Phelps v. Brewer. 9 Cush. 390. Remarks are found in the opinion of the court in Bennett v. Stickney, 17 Vt. 532, somewhat at variance with the ruling of the court in the preceding case, but the difference of opinion between the two courts is immaterial in the case before the court.

Due service having been made upon the defendant in the former suit, the sole question is, whether the judgment rendered against him is binding and operative. which must depend in this case upon the California statutes (Code Civ. Proc. § 414): "When the action is against two or more defendants, jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants." Three in this case were liable on the contract, and one only was served, and it is

clear that the judgment, under the rule prescribed by that provision, is a valid judgment against the defendant served, and if valid in the state where the judgment was rendered it is equally valid in all the other states, and in the circuit court of the United States. Conclusive authority to that effect is found in the reported decision of the supreme court of Massachusetts. Stockwell v. McCracken, 109 Mass. 87. Special reference is made in that case to the statute laws of California, which contain the same provision as the Code, and the court remarks that that provision, if in force, shows that the judgment would be good against the party personally served, however defective the service may have been against the other party. Viewed in the light of these suggestions, it is clear that the plaintiff is entitled to judgment for the amount of the judgment set forth in the declaration, with interest. as damages, at the rate of six per cent. Barringer v. King, 5 Gray, 12. Judgment for plaintiff.