### HOFFMAN *v.* NEWELL *et al.*

*(Superior Court of New York City, Special Term.     October 22, 1892.)*

FOREIGN JUDGMENTS—ACTION ON.

> A judgment, rendered in a foreign state against two persons as partners, one of whom alone had been served with process, declaring the same collectible out of the joint property of both defendants, and out of the individual effects of the one served, cannot be made the basis of an action *in personam* in this state against the other defendant, over whom the foreign court had never obtained jurisdiction, on the broad ground merely that Const. U. S. art. 4, § 1, and Rev. St. U. S. § 905, require full force and effect to be given in each state to judgments rendered in every other state.

Action by Cornelius Hoffman against Theodore Newell and Charles H. Wight. Defendant Wight moves to strike from the complaint allegations of the recovery of a joint judgment against defendants in the courts of New Jersey, on the service of process against Newell alone. Granted.

*Theodore Baylor*, (*Alex. Thain*, of counsel,) for plaintiff. *Kneeland, Stewart & Epstein*, (*Ira B. Stewart*, of counsel,) for defendants.

McADAM, J. This court, in deciding the former application, said: "The defendant Wight is correct in his contention that the judgment rendered by the court of a foreign state against Newell and Wight, as partners, adjudging that the same is collectible out of the 'joint' property of both defendants, and the 'individual' effects of Newell, the one served with process, cannot be made the basis of an action in the courts of this state against Wight, over whom the foreign court never obtained jurisdiction." The doctrine stated is now reaffirmed. The plaintiff, while admitting the general proposition that one not served with process is not bound by the judgment entered against him, claims that the judgment of the New Jersey court, to the extent that it acquired jurisdiction of the parties and their property, is entitled to the same force and effect in other states, upon the broad ground that the courts of such states are commanded by the constitution and statutes of the United States to give such faith and credit to the judgments of foreign courts as the judgment has by law or usage in the courts of New Jersey. Const. U. S. art. 4, § 1; Rev. St. U. S. § 905. So far as such a judgment is founded on personal service of process or an appearance by the defendant, or is *in rem* or *quasi in rem*, such faith and credit must be given as may make it effective; but when it is used to charge a defendant *in personam* in the courts of this state, in a case where such defendant was neither served with process nor appeared in the foreign jurisdiction, such judgment cannot be recognized as the foundation for any such charge. *Rigney* v. *Rigney*, 127 N. Y. 408, 28 N. E. Rep. 405; *Oakley* v. *Aspinwall*, 4 N. Y. 513; *Bartlett* v. *Spicer*, 75 N. Y. 528; *Kerr* v. *Kerr*, 41 N. Y. 275; *Shepherd* v. *Wright*, 35 Hun, 444; *Shumway* v. *Stillman*, 6 Wend. 451; *Borden* v. *Fitch*, 15 Johns. 121. This, upon the doctrine that every one must have his day in court, or an opportunity to know of the proceedings against him, and a sentence obtained in defiance of the maxim, *audi alteram partem*, deserves not the name of a judgment. *Railroad Co.* v. *National Bank*, 102 U. S. 21. "To

'hear' implies that some one is before the court to speak; to 'determine' involves the possibility of framing an issue to determine." Brown, Jur. § 41. Therefore a judgment against two or three joint debtors on a citation served on but one, though authorized by the laws of the state, is not binding elsewhere upon any of the defendants who were not within the state, and who did not appear in the action. Personal judgments thus rendered have no operation out of the limits of the state where rendered. Their effects are merely local. Freem. Judgm. § 574; Black, Judgm. § 913.

If the action on the judgment had been brought against Newell alone, and it had been alleged that by reason of the nonservice of process on Wight the judgment, as one *in personam*, was enforceable only against Newell, the complaint as to him would have been good. This was the precise question decided in *Hanley* v. *Donoghue*, 116 U. S. 1, 6 Sup. Ct. Rep. 242, and to the same effect see *Burt* v. *Delano*, 4 Cliff. 611; *Swift* v. *Stark*, 2 Or. 97. The court in those cases held that this was giving to the judgment the effect which the United States constitution and statutes contemplated. But, as to the defendant who was not served, the judgment has only a qualified validity, and is not enforceable, even in the state where rendered, against his individual property. It is clear, therefore, that it will constitute no bar to an action against him in any other state on the original cause of action. *Stone* v. *Wainwright*, 147 Mass. 201, 17 N. E. Rep. 301; *Shirley* v. *Shattuck*, 13 Metc. (Mass.) 256. In *Oakley* v. *Aspinwall*, 4 N. Y., at page 521, BRONSON, C. J., held that such a judgment was regarded as void in this state, and, speaking of the old joint debtor act, applicable to domestic judgments, said that even such a "judgment was, at the most, only *prima facie* evidence against the defendant who was not served with process; and that only where he pleaded nothing but *nul tiel record* he might so plead as to put the original cause of action in issue, or show it barred by the statute of limitations, and thus destroy the whole force and effect of the judgment as evidence against him in the new action." And MULLETT, J., in the same case, (at page 535,) said: "Such a judgment is, in effect, no judgment against the person who was not served with the process, and did not appear in the suit in which it was rendered." Without commenting on the cases cited by the plaintiff, (all of which have been carefully examined,) or distinguishing them from the one at bar, it is sufficient to hold, upon principle as well as authority, that the foreign judgment set out in the pleadings in no manner affects the liability of the defendant Wight to the plaintiff concerning the right of action pleaded. In a common-law action against two or more defendants on a joint obligation, the allegations in the pleading must affect their ultimate liability in some material respect. Those that do not will be stricken out on motion of the defendants to whom they do not apply. As to them, such allegations are wholly irrelevant, and they may, with propriety, invoke the rule that the matter which is not material nor the subject of proof, and cannot affect the decision of the court, must be stricken out. Code, § 545; *Woods* v. *Morrell*, 1 Johns. Ch. 103; *Bank* v. *Kitching*, 11 Abb. Pr. 435; *Kurtz* v. *McGuire*, 5 Duer, 660. Motion to strike out and to compel plaintiff to separate the causes of action for goods sold and on the promissory note, granted, with $10 costs.