The answer set up that the executors had been directed to pay plaintiff $20,000, and the same was paid; that she had not invested the money, but had, in violation of the judgment, spent the whole principal sum. Said paragraph was, on motion, stricken out; the court delivering the following opinion:
McAdam, J.
The supreme court, in directing the executor to pajr to the plaintiff the first $20,000 mentioned in the will to be coustrued, evidently treated the interest of her brother Edward H. as a “contingent” remainder, for it was not to vest in him unless she died “ without issue.” The event is at least dubious, ■it may or may not happen, and the remainder depending upon it is seemingly contingent, not vested. The provision of the judgment in that action requiring the plaintiff to securely invest the principal for those entitled thereto at her death (if she died without issue), does not militate against this view. The supreme court did not require security as a condition of obedience to the direction to pay over, and could not have properly done so under the terms of the will. Her failure to observe the direction to invest, or any violation thereof, has no relevancy whatever to the question of construction involved here, i. e, whether the plaintiff is entitled to share the second $20,000 with the brother on the same conditions as the first (the mother being now dead). The rule is, that matter which is not material, nor the subject of proof, and cannot affect the decision of the court, is irrelevant, and should be stricken out. Woods v. Morrell, 1 Johns. Ch., 103; Lee B'k v. Kitching, 11 Abb. Pr., 435; Kurtz v. McGure, 5 Duer, 660. The matter objected to in the present instance falls within the practice stated, and the motion to strike it out must be granted, with $10 costs.
Upon the death of the mother a supplemental complaint was served, to which the defendants answered, repeating the paragraph so stricken out of the original answer, and this motion was thereupon made. '
Per Curiam.
The law as declared on the former motion to strike out the paragraph, similar to the one in question here, con *599 tained in the answer to the original complaint in this action, is final and conclusive between the parties hereto. The order made on that motion has not been appealed from, and stands unmodified and unrevoked. This application presents no grounds or question that did not exist at the time of the former application, and that was not then as fully within the defendants’ knowledge as now. The motion herein was properly granted.
The order appealed from must be affirmed, with ten dollars costs and disbursements.
Sedgwick, Ch. J., Dugro and Gtldersleeve, JJ., concur.