F. M. HENRY v. H. J. ALLEN ET AL.

No. 3185.

**Suit on Judgment Rendered in Another State—Presumptions.**—Action, on a judgment rendered in Arkansas in a court of general jurisdiction, but before a special judge shown to have been regularly appointed, and record duly certified to under the Act of Congress. Plea, general denial and a former adjudication in this State. This adjudication was in an action upon the same cause of action, and the Arkansas judgment was then pleaded in defense, and the judgment rendered was for the defense— no affirmative relief being asked or given. *Held:*

1. In absence of plea and evidence attacking the judgment sued upon the presumption is conclusive of every jurisdictional fact, and of the legality of the action of the special judge.

2. It was not necessary to allege and prove the laws of Arkansas authorizing the appointment of the special judge.

3. It seems that in an action upon a judgment of a sister State, authenticated under the acts of Congress, the court would take judicial notice of the laws of the State in which the judgment was rendered.

4. Under general allegations in an action upon such judgment the Constitution and laws of the sister State would be admissible without being specially pleaded, to show the regularity of such judgment.

5. The action of the court shown upon the judgment when pleaded in defense might be considered as recognizing the validity of the judgment sued upon.

APPEAL from Bowie. Tried below before Hon. J. M. MOORE, Special District Judge.

The opinion states the case.

*F. M. Henry*, for appellant.—1. A judgment of another State when offered in evidence ought to be shown to be valid. If it would not be valid if rendered in the State where it is offered in evidence, the party who relies upon it must show that it is valid according to the laws of the State where rendered. In the absence of allegations and proof of the laws of the sister State showing that said judgment was valid where rendered, the court will determine the validity of the judgment according to the laws of this State. Porcheler v. Bronson, 50 Texas, 555; Randall v. Burtis, 57 Texas, 362; Freem. on Judg., 3 ed., sec. 571.

2. The laws of a sister State must be alleged and proved as facts before they can become the rule of decision. "Proof without an allegation is as worthless as an allegation without proof." Bradshaw v. Mayfield, 18 Texas, 21, 28; Porcheler v. Bronson, 50 Texas, 555.

3. The judgment of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and had decided, and a plea of res judicata applies to all such matters. All the matters involved in the issue determined by the court are as fully concluded by the judgment as those considered and discussed. Cases can not be presented and determined by piecemeal. The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. It requires the identical evidence to support the plaintiffs' suit here on the judgment sued on that it required to support Allen & Bros.' plea in bar to the said suit in the District Court of Titus County of Henry v. Allen & Bros., being the identical parties as to this suit. Nichols v. Dibrell, 61 Texas, 539; Girardin v. Dean, 49 Texas, 243; Tadlock v. Eccles, 20 Texas, 782; Howard v. North, 5 Texas, 290; Burns v. Ledbetter, 56 Texas, 282; Freem. on Judg., 3 ed., secs. 249, 252; Herm. on Estop., secs. 130, 131, 548.

*Talbot & Turner*, for appellees.—1. Every presumption in favor of jurisdiction and correctness of the judgment will be indulged.

2. The introduction of article 7, sections 11 and 12, of the Constitution of Arkansas, and sections 1379 and 4740 of the Revised Statutes of Arkansas, was an immaterial error, if any at all, and constituted no sufficient ground for reversal.

3. The appellees were not bound to ask for affirmative relief on the judgment pleaded in bar of plaintiffs' action in the suit in the District Court of Titus County; and none having been asked, and appellees'

right of action in this suit not having been put in issue in that suit, is not affected in any manner whatever by the proceedings had and judgment rendered therein.

· STAYTON, CHIEF JUSTICE.—Appellees brought this action on a judgment rendered in their favor against appellant by the Circuit Court for Miller County, Arkansas, on July 3, 1885, for $723.75.

In defense of the action appellant pleaded a general denial and set up in bar of the action a judgment between the same parties rendered by the District Court for Titus County, Texas, on November 8, 1887.

It appears that in the suit pending in Titus County appellees set up the judgment now sued on in bar of that action, which they alleged was based on the same facts adjudicated in the case in which the judgment sued upon was rendered, but they sought no relief in that case other than to defeat appellant's action by their plea of former judgment, in which they succeeded.

The judgment sued upon was properly authenticated under the act of Congress regulating that matter, and showed that it was rendered by a special judge presiding on account of the disqualification of the circuit judge; all the proceedings which clothed him with power to sit in the case being shown by the transcript certified by that court. The Circuit Court in which the judgment was rendered was one of record and of general jurisdiction, and in the absence of a plea questioning the jurisdiction in the particular case supported by proof the judgment must be held conclusive on every jurisdictional fact; and no inquiry could be made into the power of the special judge to try the cause which could not arise had the cause been tried by the regular circuit judge.

When the transcript of the judgment sued upon was offered in evidence it was objected to on the ground that there was no averment in plaintiffs' petition that under the laws of the State of Arkansas a special judge might be selected to try a case, in which the circuit judge was disqualified, in the manner in which the transcript showed that the special judge was selected. There was no necessity for such a plea, and if appellant desired to raise any question as to the jurisdiction of the court over the subject matter, over his person, or as to the qualification of the special judge, he certainly could not do so without proper pleading, the court in which the judgment was rendered being one of record and of general jurisdiction.

We do not wish, however, to be understood to hold that in any manner could appellant question in this case the right and power of the judge who rendered the judgment so to do.

To show that the special judge was selected and empowered to try the case in accordance with the laws of the State of Arkansas, parts of the Constitution and laws of that State were offered in evidence by

appellees, and these were objected to on the ground that there was no averment in plaintiffs' petition of the existence of such laws in force in that State at the time the judgment was rendered. Neither the averment of such laws nor their proof by appellees was necessary, and of their admission in evidence appellant has no cause for complaint. Under the general averments of the petition such proof was admissible, and it has been held that in such cases a court trying a cause based on the judgment of a sister State authenticated in accordance with the act of Congress would take judicial notice of the laws of the State in which the judgment was rendered. State of Ohio v. Hinchman, 27 Pa. St., 483.

It is urged that the judgment rendered in Titus County should have been held a bar to the present action, but it is manifest that this proposition is erroneous. The action in Titus County was based on the same facts on which the judgment now sued on was rendered, and the purpose of pleading this judgment in bar of that action was simply to show that the matter had been adjudicated, and was therefore not open to further controversy. The judgment now pleaded by appellant shows that this was true, and instead of being now available to appellant as a bar to the present action possibly might be held as an adjudication of the validity of the judgment now sued upon.

If appellees in the action in Titus County had sought the relief against appellant which they now seek on the judgment sued on, it may be that a judgment declaring them not entitled to any affirmative relief on account of the judgment would be a bar to the present action, but we have no such a case presented. The sole purpose of pleading the judgment now sued on in bar of the action brought by appellant in Titus County was to defeat that action; no relief through the enforcement of the judgment was sought or denied, and the sole effect of the adjudication now pleaded in bar of this action was to establish the fact that appellant was not then entitled to litigate a matter already adjudicated between the same parties; but this in no way denied the right of appellees to enforce the judgment now sued on.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered October 30, 1891.

A motion for rehearing was refused.