RUTH A. HOLT, Respondent, v. ISAAC W. JOHNSON *et al.*, Appellants.

### Kansas City Court of Appeals, May 30, 1892.

1. **Practice, Appellate:** CONFLICTING TESTIMONY. Where there is a conflict of testimony, justifying a finding either way, the appellate court will defer to the finding of the trial court.

2. **Judgment:** SAME EFFECT IN EVERY STATE: VOID AS TO ONE, VOID AS TO ALL: IOWA. In Iowa a judgment against a defendant legally in court and one not summoned is valid as to the first, though void as to the latter; and, under the constitution of the United States, such judgment will have the same effect in Missouri that it has in Iowa where rendered.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*E. C. Mapledoram*, for appellants.

(1) The court is earnestly requested to review the evidence, as defendants contend that the judgment is unsupported by the evidence; there being no proof that defendant ever wrote the letter Wilson claims to have acted upon. (2) The judgment record was directly assailed by defendants, and Missouri courts have uniformly held that a judgment is an entirety, and must stand or fall as a whole. *Waddingham v. Waddingham*, 27 Mo. App. 596; *Hulett v. Nugent*, 71 Mo. 131; *Holton v. Towner*, 81 Mo. 360; *City of St. Louis v. Lanigan*, 97 Mo. 175; *T. C. I. Co. v. Clover*, 36 Mo. 392. If the Iowa record was a joint judgment, it was absolutely void as to both defendants; if it was joint and several, it was void as to both defendants, because directly assailed. The court, finding that the judgment was void in Missouri as to Catherine Johnson, should, under the law, have declared it void as to I. W. Johnson. *Holton v. Towner, supra; Fotheringham v. Banner*, 9 R. I. 474; *Mervin v. Kimble*, 23 Wend. 293; *Okley v. Aspinwall*, 4 N. Y. 514. The case of *Renaud v. Abbott*, 116 U. S., does not conflict with this doctrine, because in that case the court took judicial notice of the Louisiana law, and found that by that law the judgment was good in that state against the defendant served. The Iowa judgment must be subjected to the same test that would be applied to a domestic judgment (*Marx v. Fore*, 51 Mo. 69), and foreign judgments, like foreign contracts, must yield to the laws of the forum in seeking and obtaining remedies. Rorer's Inter-State Law, p. 72; *Harrison v. Edwards*, 12 Vt. 648; *Leroy v. Crowinshield*, 2 Mass. 151; *McElmoyle v. Cohen*, 13 Pet. 312; *Ruggles v. Keeler*, 3 John. 261; *Jones v. Jones*, 18 Ala. 248.

*Beebe & Watson,* for respondent.

(1)   The Iowa judgment was a valid judgment in Iowa against Johnson, if not against Catherine Johnson.   2 McLain's Annotated Statutes of Iowa (1884), sec. 2550.   By this section this judgment was both joint and several.   If good in Iowa, then same force and effect must be given in Missouri.   Constitution of U. S., art. 4, sec. 1; *Hanley v. Donoghue,* 116 U. S. 535; *Renaud v. Abbott,* 116 U. S. 629.   (2) Johnson having appeared by attorney the judgment is valid.   *Warren & Dalton v. Lusk,* 16 Mo. 102; *Marx v. Fore,* 51 Mo. 69; *Bradley v. Welch,* 100 Mo. 258. (3)   The Iowa court having jurisdiction over the subject-matter and jurisdiction over the person, any judgment rendered, even if erroneous, is valid, until reversed.   *Hagerman v. Sutton,* 91 Mo. 519.

GILL, J.—This is a suit on a judgment rendered in a district court of the state of Iowa.   The action in Iowa was brought on a note signed by defendant Johnson and his wife who then resided in Kansas City, Missouri.   They had made the note and secured the same by a mortgage on real estate located in Iowa, and the suit there was for the foreclosure of the mortgage. Wilson, an Iowa attorney, appeared for Johnson and his wife in the Iowa court, filed answer and attended the trial of the cause, when judgment was rendered for plaintiff, the mortgaged property was sold; but there was not sufficient proceeds to pay the entire judgment, and this suit is to recover the remainder thereof.   The trial court here gave judgment for plaintiff as against I. W. Johnson for the alleged balance of $2,500, but discharged the wife, and said defendant husband has appealed.

The defense of both defendants, Isaac W. and Catherine Johnson, was, as interposed by their joint answer, that the Iowa court never acquired jurisdiction over them. Some sort of notice was served on I. W. Johnson in Missouri, but the claim of jurisdiction is based on the voluntary appearance of said Johnson through Wilson, the Iowa lawyer. Johnson denied under oath that he ever authorized Wilson to appear · for him in the cause; while the testimony of Wilson, supported by another witness, tended to prove that Wilson had such authority. On this issue the court found for the plaintiff as against I. W. Johnson; but on the other hand found that Catherine Johnson was neither served with process nor authorized Wilson to appear for her.

The principal matter here complained of relates to this finding of fact by the trial judge. After a careful consideration of all the evidence adduced, we find this to be one of those cases of such conflict in the testimony that we must defer to the decision of the trial court (who tried the cause without the aid of a jury). Under the evidence, the court was justified in finding that defendant had authorized the attorney Wilson to enter his appearance and defend the case in Iowa. This fact then being found against the defendant, he has had his day in court, and can no longer be heard to contest the case on its merits.

Some further contention is made that, as the judgment entered in Iowa against the two defendants was void as to one (because not served with process nor in court by voluntary appearance) then the judgment was likewise invalid as to the other defendant who did voluntarily appear. Under the laws and constitution of the United States it was the duty of the Missouri court to award the same effect to this judgment that would be attached to it in Iowa, the state where ren-

dered. Now, under the laws of Iowa, it seems conceded that a judgment against two or more parties, some of whom have been summoned (or have appeared), and others not, is not void as to those legally in court, though void to those not in court. In other words, the rule, "void as to one, void as to all," does not apply. This Iowa judgment then is enforceable there as against defendant, I. W. Johnson, though entered against his codefendant without jurisdiction and, therefore, void and non-enforceable as to her. And, being an enforceable judgment against said Johnson in the state where rendered, we give it the same "full faith and credit" in this state, and permit a recovery thereon. For cases in point, see *Hanley v. Donoghue,* 116 U. S. 1; *Renaud v. Abbott,* 116 U. S. 277.

We have examined other matters mentioned in counsel's brief, but find in them nothing against the judgment of the circuit court; we, therefore, affirm the same. All concur.