VAN NATTA v. VAN NATTA. (No. 1276.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 16, 1918. Rehearing Denied Feb. 20, 1918.)

1. JUDGMENT ⬤⟶823 — FULL FAITH AND CREDIT CLAUSE—EFFECT.

Under Const. U. S. art. 4, § 1, and Rev. St. U. S. § 905 (U. S. Comp. St. 1916, § 1519), as to full faith and credit of judicial proceedings in a sister state, in action on a sister state judgment, the defense being a pending appeal from the judgment, the court of the forum will give the judgment the effect it would be given by the courts of the state where rendered, and the effect of the appeal on the finality of the judgment, and its admissibility in evidence in support of the rights adjudicated thereby is to be determined by the laws of that state.

2. EVIDENCE ⬤⟶35—JUDICIAL NOTICE—LAWS OF ANOTHER STATE.

In action on a sister state judgment, the defense being a pending appeal from the judgment, the court cannot take judicial knowledge of the laws of that state as to the effect of appeal on the judgment and the right to sue thereon.

3. ABATEMENT AND REVIVAL ⬤⟶16—ACTION PENDING—EFFECT OF PENDING APPEAL.

Where action is brought in Texas on a judgment rendered in Indiana, from which an appeal is pending, and the right to sue thereon in Indiana is not shown, the action is governed in that respect by the laws of Texas.

4. JUDGMENT ⬤⟶903—ACTION — EFFECT OF PENDING APPEAL.

Suit cannot be maintained on a judgment on which appeal is pending, whether on cost or supersedeas bond; since such judgment is inadmissible in evidence.

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by Helen S. Van Natta against Samuel G. Van Natta. From judgment for defendant, plaintiff appeals. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant. Madden, Trulove, Ryburn & Pipkin and T. H. Cody, all of Amarillo, for appellee.

BOYCE, J. This suit was brought by appellant, Helen S. Van Natta, against appellee, Samuel G. Van Natta, on a judgment for a large sum of money rendered by the circuit court of Clinton county, in the state of Indiana, in favor of appellant and against appellee. Appellee pleaded that an appeal had been taken from said judgment and was pending and undisposed of in the Appellate Court of said state. It is conceded that appellant would be entitled to recover on the judgment if the pending appeal does not preclude such recovery, and this is the only question presented for our decision on the present appeal; the court below having denied recovery on the judgment. On the trial of the case the parties made the following agreement as to the facts of the appeal:

"The judgment referred to in plaintiff's petition as having been rendered in the Clinton circuit court, in the state of Indiana, has been by defendant duly appealed from upon a cost bond for appeal, in accordance with the laws of said state, and that said cause is now pending on the docket of the Supreme Court within and for the state of Indiana, subject to call in due order of procedure in said court and is yet undisposed of. Such appeal was had and is pending and undisposed of on the cost bond for appeal and not upon supersedeas bond."

[1] The provisions of article 4, § 1, of the federal Constitution, and of section 905, Revised Statutes of the United States (U. S. Comp. St. 1916, § 1519), in relation to the same subject, which require that "full faith and credit shall be given in each state, to the * * * judicial proceedings of every other state," and that such "judicial proceedings * * * shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken," are familiar to all. It was announced by the Supreme Court of the United States at an early date, and subsequently followed with certain restrictions on the broad announcement which do not concern us at this time:

"That the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the court where it was pronounced; and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States." Hampton v. McConnel, 3 Wheat. 234, 4 L. Ed. 378; McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 184; Mills v. Duryee, 7 Cranch, 484, 3 L. Ed. 413; Embry v. Palmer, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; Renaud v. Abbott, 116 U. S. 277, 6 Sup. Ct. 1194, 29 L. Ed. 629; Cook v. Thornhill, 13 Tex. 293, 65 Am. Dec. 63; Express Co. v. North Ft. Worth Undertaking Co., 179 S. W. 908; R. C. L. vol. 15, p. 927, § 407.

We think therefore that we should give to this Indiana judgment the effect it would be given by the courts of that state, and that the effect of the appeal on the finality of the judgment and its admissibility in evidence in support of the rights adjudicated thereby is to be determined by the laws of the state of Indiana. But, as no pleading or proof was offered as to the law of Indiana on this subject, we must first dispose of the preliminary question as to how we are to determine such matters; that is, whether we are to take judicial knowledge of such law, or whether, in the absence of such proof, we are to follow the general rule that it is to be presumed that the law of Indiana on the subject is the

same as our own, and then proceed to determine the effect of the appeal as determined by our own decisions.

[2, 3] There are a number of authorities, approved to a certain extent by citation thereto by our own courts, that hold that, in suits on judgments in a state other than the state in which the judgment was rendered, the court of the forum will, in order to ascertain the effect of the judgment, take judicial knowledge of the law of the state in which the judgment was rendered. Henry v. Allen, 82 Tex. 35, 17 S. W. 516; Babcock v. Marshall, 21 Tex. Civ. App. 145, 50 ʌ. W. 730; State v. Hinchman, 27 Pa. 483; Paine v. Schenectady Ins. Co., 11 R. I. 415; Trowbridge v. Spinning, 23 Wash. 48, 62 Pac. 125, 54 L. R. A. 204, 83 Am. St. Rep. 806; Rae v. Hulbert, 17 Ill. 576; Hull v. Webb, 78 Ill. App. 617; Black on Judgments, § 882. The Pennsylvania case cited, being the leading case supporting this view of the law and which is cited by the Supreme Court in the case of Henry v. Allen, supra, states the reason for this rule thus:

"A judgment of this court, adverse to the right arising out of the federal Constitution and legislation, would be reviewable in the Supreme Court of the United States, and there the states of the Confederacy are not regarded as foreign states, whose laws and usages must be proved, but as domestic institutions, whose laws are to be noticed without pleading or proof. It would be a very imperfect and discordant administration for a court of original jurisdiction to adopt one rule of decision, while the court of final resort was governed by another; and hence it follows that, in questions of this sort, we should take notice of the local laws of a sister state in the same manner the Supreme Court of the United States would do on a writ of error to our judgment."

However, the United States Supreme Court, in the subsequent cases of Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535, and C. & A. Ry. Co. v. Wiggins Ferry Co., 119 U. S. 615, 7 Sup. Ct. 398, 30 L. Ed. 519, destroyed entirely the foundation on which these cases are based by this statement of the law in the opinion in the case of Hanley v. Donoghue:

"In the exercise of its general appellate jurisdiction from the lower court of the United States, this court takes judicial notice of the laws of every state of the Union, because those laws are known to the court below as laws alone, needing no averment or proof. * * * But on a writ of error to the highest court of a state, in which the revisory power of this court is limited to determining whether a question of law depending upon the Constitution, laws, or treaties of the United States has been erroneously decided by the state court upon the facts before it—while the law of that state, being known to its courts as law, is, of course, within the judicial knowledge of this court at the hearing on error—yet, as in the state court the laws of another state are but facts required to be proved in order to be considered, this court does not take judicial notice of them, unless made part of the record sent up."

It was further pointed out in that case that the decisions in Ohio v. Hinchman, supra, and Paine v. Schenectady Ins. Co., supra, are based upon a misapprehension of the decisions of the United States Supreme Court. These decisions of the United States Supreme Court, which we think settle this question definitely, seem to have been overlooked by the courts in some of the cases we have cited, which still adhere to the rule announced in the Pennsylvania case. Neither of the judges, in the opinion in the two Texas cases referred to, attempt to discuss the question at any length; the propositions being stated in an incidental way. The correct rule is, we think, stated by the court in an opinion by Judge Williams, in the case of Herndon v. Vick, 18 Tex. Civ. App. 585, 45 S. W. 853, as follows:

"Where it is necessary, in order to show a right asserted under a judgment which results from a law of the state where it is rendered, peculiar to that law, or different from the effect which such a judgment would have under the law of the state where it is sought to be used, if there rendered, the law of the former state must be alleged and proved as a fact; otherwise, the court called upon to determine the effect of the judgment must reach its conclusion from the law judicially known to it."

The following additional authorities support this conclusion: Porcheler v. Bronson, 50 Tex. 561; I. B. Rosenthal Millinery Co. v. Lennox, 50 S. W. 401; Ogg v. Ogg, 165 S. W. 913; Tourtelot v. Booker, 160 S. W. 293.

We conclude that we cannot take judicial knowledge of the laws of Indiana as to the effect the appeal has on the judgment and the right to sue thereon, and it will be necessary for us to proceed to a consideration of such questions as determined by our own decisions.

[4] The effect of an appeal on a judgment was thoroughly considered by the Supreme Court of this state in the case of Texas Trunk Ry. Co. v. Jackson, 85 Tex. 608, 22 S. W. 1032. The different theories of the law as to such matters were there considered, and the court, after announcing that it felt authorized to adopt the rule supported by the better reason and most likely to secure the ends of justice, made this statement of its conclusion:

"We are of opinion that appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it. That, under the statute, execution may be issued and the judgment be enforced during the appeal when only a cost bond has been given, does not affect the question; for this is by virtue of the statute, which does not undertake to determine the status of the judgment in reference to any matter involved in the questions certified."

It was held in the case of Cunningham v. Holt, 12 Tex. Civ. App. 150, 33 S. W. 982, that a judgment from which an appeal had been taken will not support a plea of res adjudicata. If such a judgment cannot be pleaded in bar or as res adjudicata, nor offered in evidence in support of a right or defense declared by it, it follows inevitably

that suit cannot be maintained on such judgment, for necessarily it would have to be offered in support of the right declared by it and made the basis of the suit.

For these reasons, we think the judgment of the court below should be affirmed.

HUFF, C. J., not sitting, being absent in Austin with committee of judges passing on applications for writs of error.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes