DORSEY v. UNITED BROTHERHOOD OF FRIENDS. (No. 7925.)

(Court of Civil Appeals of Texas. Dallas. March 30, 1918.)

1. JUDGMENTS ⊂⟂137—VACATION—ABSENCE OF WRITTEN MOTION—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2020, providing that every motion for new trial shall be in writing and signed, and specify the ground on which founded, is directory, and the court had authority to set aside, on its own motion, in the same term, a default judgment against defendants in the absence of written motion invoking the relief.

2. JUDGMENT ⊂⟂678(1)—"RES JUDICATA"— ELEMENTS.

Judgment against a fraternal order in favor of claimed beneficiaries was not res judicata of the claim against the order of the guardian of another beneficiary; since, to constitute "res judicata," four elements must concur: Identity in the thing sued for, identity of cause of action, identity of persons and of parties to the action, and identity of the quality in the persons for or against whom the claim is made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by Lewis Dorsey, guardian, against the United Brotherhood of Friends. From the judgment, plaintiff appeals. Reversed and remanded.

I. C. Underwood, of Dallas, for appellant.

RASBURY, J. Appellant, as guardian of Lena Dorsey, sued appellee upon its benefit or life insurance policy issued to Katie Washington Vickers, formerly Katie Washington Dorsey, appellant's wife and his ward's mother, to recover $250, alleging said policy to be in the sum of $500 and that his ward was the beneficiary named therein and entitled to recover the full amount, of which she had been paid $250. By answer appellee admitted that it had paid appellant's ward $250, but denied appellant's ward was entitled to the balance of the sum on the ground that it was by the terms of the policy payable to Jettie Jones, formerly Jettie Dorsey, wife of Clyde Jones. The unpaid portion of the policy was tendered into court with prayer for citation to Jettie Jones and her husband, Clyde Jones. By supplementary pleading appellant asserted that his ward was the only daughter of Katie Washington Vickers, and that she never had a daughter named Jettie Dorsey, and if such person is named in said policy it was a mistake and without authority of law and a fraud upon the rights of appellant's ward, who, as a consequence, was the only beneficiary in said policy. The pleading so stood on appearance day of the January, 1917, term of court, at which time appellant secured interlocutory judgment by default against Clyde and Jettie Jones, upon whom citation in the meantime had been served. On January 4, 1917, the case was regularly called for trial, whereupon judgment was rendered requiring appellee to pay into the registry of the court the $250 admitted to be due and dismissing it from the case with costs upon compliance with the decree. The case as between appellant and Clyde and Jettie Jones was passed for further consideration by the court of the sufficiency of service on the latter to support the default judgment. On January 20, 1917, the case was again considered, at which time Clyde and Jettie Jones appeared in court in propria persona and admitted they had in fact been duly cited by by service of the citation being considered by the court. Appellant thereupon moved for final judgment against Clyde and Jettie Jones. At this point it was called to the attention of the court by counsel for appellee, we assume, that Clyde and Jettie Jones had secured in another court a judgment against appellee for the liability sought to be fixed in this proceeding. Thereupon the court overruled appellant's motion to make the default judgment against Clyde and Jettie Jones final, and of his own motion set aside and vacated same and continued the cause to the next term of court to allow appellee for its protection to plead said reputed judgment in bar of this action. At the next term of court appellee filed plea of res judicata, based upon the judgment of the county court of Smith county in a proceeding by Clyde and Jettie Jones against appellee on the policy sued on by appellant, wherein final judgment was against appellee thereon for $250, which judgment was shown to be a subsisting unreversed decree and not appealed from. Appellant met the plea by special exceptions asserting it to be insufficient among other reasons, because it appeared therefrom that appellant was not a party to the judgment and because the parties in both proceedings were not the same. The case was again considered March 7, 1917, at which time appellant's exceptions to appellee's plea in res judicata were overruled, the plea was sustained, and judgment entered against plaintiff and for defendant with all costs, and it was decreed that the money paid by appellee into the registry of the court there remain, pending appeal to this court.

The facts necessary to be stated are these: The policy was issued to Katie Washington Vickers, former wife of appellee and mother of his ward and daughter, Lena Dorsey. The amount of the policy was $500. The beneficiaries named therein were Lena and Jettie Dorsey. Jettie Jones was not Jettie Dorsey before her marriage. She was Jettie Washington, sister to Katie Washington Vickers. According to the secretary of the local lodge of appellee, Katie Washington Vickers directed that the benefits under the policy should be paid to her daughter, Lena Dorsey, and her sister, Jettie Washington. The local secretary claims she so directed the grand secretary. When the grand secretary returned the policy to the local secretary, the benefits were payable to Lena and Jettie Dorsey. She therefore wrote Washington after Jettie therein, but after making the change she concluded it did not look "well" and she erased Washington and left it as it was originally. Appelleee, after qualifying as guardian of his daughter, was voluntarily paid $250, and at the time was asked if he was father of both girls, and, upon saying he was not, payment of the balance was refused. The judgment pleaded in bar of any claim appellant had upon the remaining benefits due under the policy was rendered by the county court of Smith county and awarded judgment in favor of Clyde and Jettie Jones against appellee on a policy issued by the latter to Katie Vickers; the amount of the judgment being $250. The petition made appellant a party thereto, but the judgment dismisses him from the suit on the ground that service was not had upon him.

[1] It is contended by appellant that the court was without authority to set aside on his own motion the default judgment against Clyde and Jettie Jones in the absence of a written motion invoking that relief. The contention is based on article 2020, Vernon's Sayles' Civil Statutes, which provides that every motion for new trial shall be in writing and signed by the party or his attorney and shall specify the ground upon which it is founded. If the contention is correct, it results that the action of the court was void, and it would be proper here and now to enter judgment for appellant for the fund deposited in court by appellee. Appellant asks that such relief be given. It seems, however, that the article cited is held to be directory. In Cohen v. Moore et al., 101 Tex. 45, 104 S. W. 1053, it is said that:

"The power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and it is not taken away by the statutory provisions which regulate the subject of new trials and the setting aside of defaults."

Accordingly, when the trial court vacated the default judgment against Clyde and Jettie Jones, all rights thereunder were lost to appellant, and it cannot form the basis of a judgment in this court.

[2] The contention is also made that the court erred in holding that the judgment of the county court of Smith county was a bar to the right of appellant to litigate in this proceeding his claim to the unpaid portion of the policy. We agree with the contention. The doctrine of res judicata is plain and intelligible, and its final analysis is to declare that a cause of action once finally determined between the parties on its merits, by a competent tribunal, without appeal, cannot afterwards be litigated by a new proceeding before the same or any other tribunal. To constitute "res judicata" four elements must concur: Identity in the thing sued for; identity of cause of action; identity of persons and of parties to the action; identity of the quality in the persons for or against whom the claim is made. The foregoing definition and rules are in substance those of Bouvier. Their statement obviously discloses that the Smith county judgment met but few of the concurring elements of the rule. As a consequence, the court erred in holding that that judgment was a bar to any claim appellant asserted to the unpaid portion of the benefit under the policy.

While there is in the record some evidence tending to show who Katie Washington Vickers intended should receive the benefits under the policy, it is not conclusive, and the case on that issue does not appear to have been fully developed. For that reason we do not feel justified in attempting to render judgment here on that issue, since it is the function of the jury or court to pass on the facts, and since that issue seems to have been overlooked when the conclusion was reached that the Smith county judgment was res judicata. Under appropriate pleading upon another trial that issue may be developed, and it seems to us that the controlling and important issue is whether Katie Washington Vickers directed that the policy should be issued as it was issued, and, if not, what she really did intend.

There are several other issues presented in the brief, but a discussion thereof is unnecessary in view of our conclusions on the issues discussed above.

The judgment is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.

Reversed and remanded.