## POLK v. S. H. CHURCHILL & CO. *
### (No. 7007.)

(Court of Civil Appeals of Texas. Austin. June 23, 1926. Rehearing Denied Oct. 4, 1926.)

1. Judgment ⬳540.

For plea of res adjudicata to prevail, identity of thing sued for, cause of action, persons and parties to action, and quality in persons for or against whom claim is made must concur.

2. Judgment ⬳668(1).

Judgment against sole defendant *held* not res adjudicata in subsequent suit against him and another defendant.

3. Judgment ⬳863.

Defendant, obtaining judgment on plea that former judgment against him was res adjudicata, cannot set up second judgment as defense in suit to revive former judgment.

Appeal from Coleman County Court; O. L. South, Judge.

Action by S. H. Churchill & Co. against S. M. Polk, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

Dibrell & Snodgrass, of Coleman, for appellee.

BAUGH, J. Appellee, a corporation, brought suit in the justice court of precinct No. 1 of Coleman county, Tex., to revive a dormant judgment theretofore rendered in its favor against appellant. The judgment was revived in that court, and again upon appeal to the county court, from which latter judgment this appeal is prosecuted.

The following facts appear: Two suits in said justice court are involved. In the first suit S. M. Polk, Jr., was the only defendant. He waived service of process and confessed judgment on an open account for $130. This judgment was rendered on March 26, 1923, and will be designated as the first suit. Thereafter a second suit was brought by appellee against S. M. Polk, Jr., E. E. Polk, and E. W. Polk, in the same justice court on an account for $140, and on September 26, 1924, judgment rendered against them for $149.14. There was an appeal from this judgment to the county court where judgment was rendered in the second suit that plaintiff, appellee here, take nothing. One of the defenses, in addition to a plea of bankruptcy, urged by appellant in the county court to the second suit, and verified by him, was that a valid judgment on the same account had already been rendered against him in the first suit, and that said judgment was res adjudicata of the second suit. The judgment of the county court in the second suit does not disclose which defense of appellant was sustained, but there was evidence that the same account was in fact the basis of both the first and second suits.

Subsequent to the final judgment in the second suit, appellee brought this action to revive the judgment rendered in the first suit, which had become dormant. And it is from the revival thereof by proper decree that this appeal is prosecuted.

[1] Appellant now contends that the judgment against appellee in the county court in the second suit is res adjudicata in the action brought to revive the judgment rendered in the first suit. The general rule is that a plea of res adjudicata cannot prevail unless four elements concur:

"Identity of the thing sued for; identify in the cause of action; identity of persons and of parties to the action; identity of quality in the persons for or against whom the claim is made." 34 C. J. 753.

[2] This general rule has been followed in Texas. Dorsey v. United Brotherhood of Friends (Tex. Civ. App.) 202 S. W. 350; Evans v. McKay (Tex. Civ. App.) 212 S. W. 680; Allen v. Frank (Tex. Civ. App.) 252 S. W. 351. In the first suit S. M. Polk, Jr., was sole defendant; in the second suit E. E. Polk and E. W. Polk were additional defendants. It is

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 10, 1926.

obvious, therefore, that the parties were not identical in the two cases.

[3] But, regardless of that, appellant now makes the remarkable contention that the second judgment which he obtained upon the sworn plea that the first judgment was valid, and whose efficacy depends upon the validity of the first judgment, can now be set up by him as a defense to that judgment. The mere statement of the proposition is its own refutation. Not only is the second judgment not res adjudicata as against the first, but the very pleading upon which it was obtained is evidence of the validity of the first judgment. Henry v. Allen, 82 Tex. 35, 17 S. W. 515.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.